
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LESLIE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, a/k/a SOUTH DAKOTA DEPARTMENT OF CORRECTIONS,<br>DENNY KAEMINGK, Secretary of Corrections,<br>CBM FOOD SERVICE INC., a/k/a MARLIN C. SEJNOHA JR.,<br><br>Defendants. | 4:17-CV-04026-LLP<br><br><br><br>ORDER DISMISSING COMPLAINT |

## INTRODUCTION

Plaintiff, Leslie Johnson, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Johnson filed a pro se lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. The Court has now screened Johnson's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court dismisses Johnson's complaint.

## FACTUAL BACKGROUND

Johnson filed this complaint on February 24, 2017. Docket 1. In his complaint, Johnson alleges that defendants CBM violated his rights by operating a monopoly of the food services in Mike Durfee State Prison. *Id.* He alleges that the remaining defendants violated his rights by contracting with

CBM. *Id.* Johnson seeks injunctive relief, money damages, and nullification of the contract between CBM and the South Dakota Department of Corrections. *Id.*

## LEGAL STANDARD

The Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

28 U.S.C. § 1915A requires the Court to screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon

2

which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

**DISCUSSION**

I. **Screening Under § 1915A**

Johnson raises a claim under the Sherman Antitrust Act ("Sherman Act"). Section 1 of the Sherman Act "makes unlawful 'every contract, combination . . . or conspiracy, in restraint of trade or commerce among the several States.'" *Parker v. Brown*, 317 U.S. 341, 350 (1943) (quoting 15 U.S.C. § 1). Section 2 of the Act "makes it unlawful to 'monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States.'" *Id.* (quoting 15 U.S.C. § 2).

"A prima facie claim of monopolization under the Sherman Act requires a plaintiff to show that the defendant 'possessed monopoly power in the relevant market' and 'willfully acquired or maintained that power.'" *HDC Med., Inc. v. Minntech Corp.*, 474 F.3d 543, 547 (8th Cir. 2007) (quoting *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992)). To make this showing "a plaintiff must establish that the defendant has a dominant market share in a well-defined relevant market." *Id.* (quoting *Morgenstern v. Wilson*, 29 F.3d 1291, 1296 (8th Cir. 1994)).

Johnson fails to state a claim under the Sherman Act. He does not make any allegations concerning CBM's market share or any allegations concerning the relevant market. The "market" CBM operates in is not Mike Durfee State

3

Prison, but the market of food providers contracting with prisons. Johnson does not allege that the South Dakota Department of Corrections contracted with CBM because CBM has a dominant market share of that market. Therefore, Johnson fails to state a claim under the Sherman Antitrust Act, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

## II. Strike Under § 1915(g)

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court finds that Johnson fails to state a claim upon which relief may be granted, and his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, Johnson is assessed a second strike under § 1915(g) for filing this complaint. *See Johnson v. Kaemingk et al*, 4:14-cv-04068-LLP (dismissing Johnson's complaint with prejudice for failure to state a claim).

Accordingly, it is ORDERED

1. Johnson's complaint (Docket 1) is dismissed.

---

[1] To the extent that Johnson seeks to raise a constitutional claim that CBM charges too much for commissary items, he fails to state a claim. *See Atkinson v. Cradduck*, No. 5:14-CV-05126, 2015 WL 1138725, at *2 (W.D. Ark. Mar. 13, 2015) (citing cases holding that prisoners have no constitutional protections from alleged price gouging).

4

2. This action constitutes the second strike against Johnson for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated this 9th day of May, 2017.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Summer Wah[...]
        DEPUTY